IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DERONDA D. STOLL, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:23-cv-327 |
| v. ) | |
| ) | |
| U.S. DEPARTMENT OF JUSTICE, ) | |
| *et al.* ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM ORDER

Plaintiff Deronda D. Stoll ("Stoll") commenced this action on November 20, 2023 with the filing of a motion seeking leave to proceed *in forma pauperis* and the lodging of a complaint directed against the U.S. Department of Justice and the United States Marshals Service. *See* ECF Nos. 1 and 1-1. Because it appears, in light of her expenses, that Stoll lacks sufficient funds to pay the applicable filing and administrative fees in this case, her motion to proceed *in forma pauperis* will be granted. Accordingly, the Clerk is instructed to file Plaintiff's complaint (ECF No. 1-1) as a separate docket entry.

This case has been referred to Chief United States Magistrate Judge Richard A. Lanzillo for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and Local Civil Rule 72. Pursuant to 28 U.S.C. §1915 and 1915A, Judge Lanzillo conducted a preliminary screening of the complaint to determine the sufficiency of Stoll's claims. On May 1, 2024, Judge Lanzillo issued an order identifying various deficiencies in Stoll's complaint and directing her to file an amended pleading by June 3, 2024. Stoll did not do so but, on September 20, 2024, she responded to Judge Lanzillo's "show-cause" order and communicated additional details about her putative claims. From the record, it appears Stoll is alleging that unidentified

law enforcement officers -- associated either with a city or county SWAT team -- caused excessive damage to her home in connection with their attempt to detain an individual who was located within the residence.

On April 23, 2025, Judge Lanzillo issued a report and recommendation ("R&R") in which he opined that Plaintiff's complaint should be dismissed without prejudice for failure to state a claim. Judge Lanzillo recommended that the named Defendants be dismissed from this case with prejudice, as they do not appear to have any involvement with the events giving rise to this lawsuit. In addition, Judge Lanzillo recommended that Plaintiff be granted leave to amend her pleading against a viable state defendant insofar as she is seeking to assert a Fourth Amendment violation under 42 U.S.C. §1983.

Objections to the R&R were due on or before May 12, 2025. To date, no objections have been received.

Having conducted a *de novo* review of the complaint and documents in the case, including the Chief Magistrate Judge's Report and Recommendation, the Court finds itself in general agreement with Judge Lanzillo's analysis as set forth in the R&R. The Court adds, however, that Plaintiff may assert a plausible Section 1983 claim *only* against a "*person*" who violated her federal rights while acting under color of state law.[1] Individuals and municipalities are considered "persons" who are subject to suit under Section 1983, but municipal police departments and/or SWAT units are not. *See, e.g., Oliver v. Pennsylvania State Police,* No. 25-CV-0138, 2025 WL 662399, at *3 (E.D. Pa. Feb. 28, 2025) ("[W]hile a municipality may be

---

[1] The statute provides a private right of action as against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ..., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. §1983.

2

liable under § 1983, a police department, as a mere sub-unit of the municipality, may not."); *Causey v. Indianapolis Police Dep't,* No. 117CV04336, 2017 WL 6345540, at *3 (S.D. Ind. Dec. 12, 2017) ("Neither the Indianapolis Police Department nor the Indianapolis Swat Team is a "person" subject to suit under 42 U.S.C. § 1983.").

Thus, Stoll may direct a Fourth Amendment Section 1983 claim against any individual officers who were personally involved in the alleged wrongdoing. To the extent Stoll is presently unable to identify those officers, she may initially name them as "John Doe" defendants in her complaint. *See Baker v. United States*, 642 F. App'x 147, 151 (3d Cir. 2016) (noting that "courts may initially allow claims based upon unnamed defendants because they may be found and named later through the discovery process," although "courts must eventually dismiss unnamed parties if discovery yields no identities").

Stoll may also direct her claims against a responsible municipality. However, a local government may only be sued under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible" for. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 694 (1978). To successfully state a §1983 claim for municipal liability, a plaintiff must allege (1) that she "possessed a constitutional right of which she was deprived"; (2) "the municipality had a policy or custom"; (3) "the policy or custom 'amounted to deliberate indifference' to the plaintiff's constitutional right"; and (4) "the policy was the 'moving force behind the constitutional violation.'" *Williams v. Del. Cty. Bd. of Prison Inspectors*, No. 17-cv-4348, 2018 WL 3235788 at *4–6 (E.D. Pa. July 2, 2018) (quoting *Vargas v. City of Phila.*, 783 F.3d 962, 974 (3d Cir. 2015)). "Where the policy concerns a failure to train or supervise municipal employees, liability

3

under section 1983 requires a showing that the failure amounts to deliberate indifference to the rights of persons with whom those employees will come into contact." *Thomas v. Cumberland Cnty.*, 749 F.3d 217, 222 (3d Cir. 2014) (cleaned up). "Additionally, the identified deficiency in a city's training program must be closely related to the ultimate injury; or in other words, the deficiency in training [must have] actually caused the constitutional violation." *Id.* (cleaned up).

With the foregoing principles in mind, and after *de novo* review of the Complaint and documents in the case, including the Chief Magistrate Judge's Report and Recommendation, ECF No. [6],

IT IS ORDERED, this 28th day of May, 2025, that Plaintiff's motion to proceed *in forma pauperis*, ECF No. 1, is GRANTED. Accordingly, the Clerk is instructed to file Plaintiff's complaint at ECF No. 1-1 as a separate docket entry.

IT IS FURTHER ORDERED that the Complaint shall be, and hereby is, DISMISSED without prejudice and with leave to amend.

IT IS FURTHER ORDERED that the Plaintiff's claims against the U.S. Department of Justice and the United States Marshals Service are DISMISSED with prejudice, and the Clerk is directed to terminate the status of those entities as parties to this case.

IT IS FURTHER ORDERED that **Plaintiff may file an amended pleading, directed at a properly named party or parties, on or before June 30, 2025. In the event Plaintiff fails to amend her pleading within the foregoing time frame, the Court's dismissal of her Complaint will be converted to a dismissal of all claims with prejudice, without further notice and without leave to further amend.**

IT IS FURTHER ORDERED that the April 23, 2025 Report and Recommendation of the Chief United States Magistrate Judge, ECF No. [6], as supplemented herein, is adopted as the Opinion of this Court.

                                                                                      /s/ Susan Paradise Baxter
                                                                                      Susan Paradise Baxter
                                                                                      United States District Judge